IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Calvin Jermaine Vines,  )
    Petitioner,  )
                                   )
v.  )    1:10cv775 (LMB/JFA)
                                   )
Gene Johnson,  )
    Respondent.  )

MEMORANDUM OPINION

Calvin Jermaine Vines, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the Circuit Court for the City of Chesapeake, Virginia of two counts of robbery. Respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Vines was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Vines was directed to show cause why the petition should not be dismissed by Order dated March 2, 2011, and he filed a reply on March 21, 2011 in which he also included a Motion for Appointment of Counsel. For the reasons that follow, Vines's claims must be dismissed, and the Motion for Appointment of Counsel will therefore be denied as moot.

### I. Background

On July 26, 2004 in the Circuit Court for the City of Chesapeake, Virginia, Vines was convicted of two counts of robbery pursuant to an Alford plea. Commonwealth v. Vines, Case Nos. 03-759, 03-760. The Commonwealth proffered a statement of facts representing that Vines robbed a motel clerk named Jahamelia Carter at gunpoint on October 14, 2002 and robbed a credit union employee named Mr. Rogers at gunpoint on October 25, 2002. The Commonwealth stated that their witness Detective Black would testify that Vines confessed to his involvement in

1

the robberies after having been read his Miranda rights. See Ct. of App., Oct. 13, 2005, at 1, ECF No. 9-5. At a hearing on January 25, 2005, Vines moved to withdraw the Alford pleas. The motion was denied and the court sentenced Vines to forty years of incarceration with twenty-five years suspended. Vines pursued a direct appeal to the Court of Appeals of Virginia, alleging that the trial court erred when it denied his motion to withdraw his Alford plea. A three-judge panel of the Court of Appeals denied the petition for appeal on December 22, 2005. Vines v. Commonwealth, R. No. 0446-05-1 (Va. Ct. App. Dec. 22, 2005), ECF No. 9-7. On November 14, 2006, the Supreme Court of Virginia refused Vines's petition for appeal. Vines v. Commonwealth, R. No. 061187 (Va. Nov. 14, 2006), ECF No. 9-10.

Vines then filed a petition for writ of habeas corpus in the Circuit Court for the City of Chesapeake, claiming (1) the trial court erred by refusing to allow Vines to withdraw his guilty plea, (2) the trial court erred by refusing to suppress an "illegally obtained" statement, (3)(a) ineffective assistance of trial counsel, and (3)(b) ineffective assistance of appellate counsel. The court dismissed the petition on September 9, 2009. Calvin Jermaine Vines v. Gene Johnson, Case No. CL07-3051, ECF No. 9-11. Vines appealed to the Supreme Court of Virginia, which refused the appeal on March 29, 2010. Calvin Jermaine Vines v. Gene Johnson, R. No. 092469, ECF No. 9-12.

On June 23, 2010, Vines filed the instant federal habeas petition, raising the same claims that he raised in his state habeas petition. Based on the pleadings and record before this Court, it is uncontested that Vines exhausted all of his claims as required under 28 U.S.C. § 2254. Accordingly, this matter is now ripe for review on the merits.

## II. State Law Claim

In claim (1), Vines argues that the trial court erred by refusing to allow Vines to withdraw his Alford plea. This claim is not cognizable in a federal habeas petition. It is well established that the scope of federal habeas review is limited to questions of either the federal Constitution or laws, and does not extend to reexamination of a state court's interpretation and application of a state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998). The Court of Appeals of Virginia rejected Vines's claim that he should have been allowed to withdraw his guilty plea and held that the trial court did not abuse its discretion in denying Vines's motion to withdraw his guilty pleas. See Ct. of App., Oct. 13, 2005, at 3, ECF No. 9-5; Ct. of App., Dec. 22, 2005, ECF No. 9-7. The Court of Appeals of Virginia's reasoning is imputed to the Supreme Court of Virginia, which refused the appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991); Sup. Ct. Va., Nov. 14, 2006, ECF No. 9-10. Because claim (1) rests solely on an alleged misapplication of Virginia law, which was rejected by the Supreme Court of Virginia, claim (1) will be dismissed.

## III. Procedural Default

Claim (2), in which Vines alleges that the trial court erred by refusing to suppress an "illegally obtained" statement, is barred from federal review as a result of the Supreme Court of Virginia's finding of procedural default. A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met, Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v.

3

Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

Here, the Circuit Court for the City of Chesapeake dismissed claim (2) as defaulted pursuant to Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974) (holding that a claim is procedurally defaulted if the petitioner could have raised it on direct appeal but did not). See Cir. Ct., Sept. 9, 2009, at 3, ECF No. 9-11. The circuit court's reasoning is imputed to the Supreme Court of Virginia, which refused the appeal without explanation. See Ylst, 501 U.S. at 803; Sup. Ct. Va., March 29, 2010, ECF No. 9-12. The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Respondent raised the issue of procedural default in the Brief in Support of the Motion to Dismiss, and petitioner was provided the opportunity to address this issue in his reply. See Yeatts v. Angelone, 166 F.3d 255, 261-62 (4th Cir. 1999) (finding a federal habeas court's sua sponte dismissal of procedurally defaulted claims permissible where petitioner is provided notice and an opportunity to argue against dismissal). Vines states that he "disagrees with all the arguments made in respondent's motion to dismiss," but does not present any specific arguments as to why claim (2) should not be dismissed as procedurally defaulted.[1] Therefore, because Vines has failed to make a showing of cause and prejudice or a fundamental miscarriage of justice, claim (2) is barred from federal review and will be dismissed.

---

[1] Vines argues that claim (1) should not be dismissed as procedurally barred, but does not present any arguments specifically relating to claim (2).

4

## IV. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, in evaluating whether a state court's determination of the facts is unreasonable, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

## V. Analysis

In claims (3)(a) and (3)(b), Vines alleges that he was provided ineffective assistance at trial and on appeal. The circuit court dismissed these claims as failing to satisfy the standard for ineffective assistance of counsel articulated in Strickland v. Washington, 466 U.S. 668 (1984),

and its reasoning is imputed to the Supreme Court of Virginia, which refused the appeal without explanation. See Ylst, 501 U.S. at 803. See Va. Sup. Ct., March 29, 2010, ECF No. 9-12; Cir. Ct, Sept. 9, 2009, at 4, ECF No. 9-11. Because the court explicitly relied on Strickland to evaluate Vines's claims of ineffective assistance, Vines has failed to show that its decisions on these claims were "contrary to" clearly established federal law. See Williams, 529 U.S. at 413. In reviewing the state court's decisions as to these claims, Vines also fails to show that the results were an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts. Therefore, claims (3)(a) and (3)(b) will be dismissed.

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland, 466 U.S. at 687. To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord Lovitt v. True, 403 F.3d 171, 181 (4th Cir.

6

2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his *actual* and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

A. Vines's Trial Counsel

Vines argues that trial counsel provided ineffective assistance by permitting Vines to make a motion to withdraw his guilty plea rather than the attorney making the motion himself. The state court dismissed this claim as failing to satisfy the prejudice prong of the Strickland standard. See Cir. Ct, Sept. 9, 2009, at 7, ECF No. 9-11. The court noted that the issue was preserved for appeal because Vines was permitted to make the motion to withdraw his guilty plea himself. Recognizing that the Court of Appeals of Virginia had addressed this claim on the merits, the court reasonably concluded that Vines had failed to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Vines has not presented any evidence to rebut the factual finding that Vines was able to preserve this issue for appeal. Miller-El, 545 U.S. at 240. Vines has thus failed to show that the state court's decision as to claim (3)(a) was contrary to, or an unreasonable application of, federal law, or based on an unreasonable determination of the facts, and this claim will be dismissed.

B. Vines's Appellate Counsel

Vines next argues that appellate counsel provided ineffective assistance by failing to raise the suppression issue on appeal. The state court dismissed this claim as failing to satisfy either prong of the Strickland standard. See Cir. Ct, Sept. 9, 2009, at 9, ECF No. 9-11. The court correctly noted that the selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every issue on appeal. See Jones v. Barnes, 463 U.S. 745, 751-52 (1983). The court then reasonably concluded that Vines had failed to demonstrate that counsel's performance had been deficient or that Vines had suffered prejudice. Vines has not presented any evidence to rebut any relevant factual findings. Miller-El, 545 U.S. at 240. Therefore, Vines has failed to demonstrate that the state court's decision as to claim (3)(b) was contrary to, or an unreasonable application of, federal law or based on an unreasonable determination of the facts, and this claim will be dismissed.

## VI. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this 3rd day of May 2011.

Alexandria, Virginia

/s/ Leonie M. Brinkema
**United States District Judge**

8